RIKER DANZIG LLP
Robert P. Vacchiano, Esq. (rvacchiano@riker.com)
7 Giralda Farms – Suite 250
Madison, NJ 07940-1051
(973) 538-0800
*Attorneys for Defendant Kinsale Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>KINSALE INSURANCE COMPANY,<br><br>             Defendant. | CASE NO. _____<br><br>**NOTICE OF REMOVAL**<br><br>**Removed from the<br>Superior Court of New Jersey,<br>Law Division, Essex County** |

TO:    Clerk of the Court
        Martin Luther King Building & U.S. Courthouse
        50 Walnut Street Room 4015
        Newark, NJ 07101

With Notice to:

        Clerk of the Superior Court, Law Division
        Superior Court of New Jersey, Essex County
        Dr. Martin Luther King Justice Building
        495 Martin Luther King Jr. Blvd.
        Newark, NJ 07102

        David J. Gittines, Esq.
        Kaufman Dolowich LLP
        Court Plaza North
        25 Main Street, Suite 500
        Hackensack, NJ 07601
        dgittines@kaufmandolowich.com
        *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE THAT** on February 6, 2026, based on the following allegations Defendant Kinsale Insurance Company ("Kinsale") did and hereby does remove this action from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 with full reservation of any and all rights, defenses, and objections and states as follows:

## VENUE AND JURISDICTION

1.      Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Essex County, is located within the district of the United States District Court of New Jersey.

2.      As is set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the true parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

3.      On or about November 21, 2025, Plaintiff Gotham Insurance Company ("Plaintiff") filed a civil action against Kinsale, in the Superior Court of New Jersey, Essex County, captioned Gotham Insurance Company v. Kinsale Insurance Company, and assigned Docket No. ESX-L-008947-25 (the "State Court Action"). A true and correct copy of the Summons and Complaint in the State Court Action is appended hereto as **Exhibit A** (the "Complaint").

4.      On January 8, 2026, Kinsale was personally served with a copy of the Summons and Complaint in the State Court Action.

5.      The Complaint is the only pleading that Kinsale has been served with, and no orders have been served on Kinsale in this matter to date.

2

6.      Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based.

7.      Removal of the State Court Action to this Court is thus timely pursuant to 28 U.S.C. § 1446(b)(1).

8.      Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

9.      A copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed contemporaneously with the County Clerk of the Superior Court, Superior Court of the State of New Jersey, Law Division, Essex County, as required by 28 U.S.C. § 1446(d).

## GROUNDS FOR REMOVAL

### There is Complete Diversity of Citizenship Between the Parties

10.     Plaintiff and Kinsale are both corporations.

11.     Pursuant to 28 U.S.C. § 1332(c)(1),  a corporation is deemed to be a citizen of every state in which it has been incorporated, as well as of the state where it has its principal place of business.

12.     Plaintiff is incorporated in the State of New York, and has its principal place of business in New Jersey.

13.     As alleged in the Complaint, Kinsale is incorporated in the State of Arkansas. (Complaint ¶ 3).

14.     In addition, although the Complaint alleges that Kinsale's principal place of business is located in New Jersey, Kinsale's principal place of business is in Richmond, Virginia.

15.     There are no other parties to this matter.

3

16.    For purposes of 28 U.S.C § 1332(c)(1), Plaintiff is a citizen of the States of New York and New Jersey and Kinsale is a citizen of the State of Arkansas and the Commonwealth of Virginia.

17.    Accordingly, complete diversity of citizenship existed between the parties at the time the Complaint was filed, and complete diversity of citizenship exists at the time of removal.

### The Amount-In-Controversy Requirement Is Satisfied

18.    Plaintiff seeks, in this action, a declaration as to Kinsale's duties and obligations owed to non-party FM Construction Group LLC ("FM"), under a policy of insurance that Kinsale is alleged to have issued to non-party Don Carlos Constructions, LLC ("DCC").  (Complaint ¶¶ 23-33).   Specifically, Plaintiff seeks "additional insured" status for FM, asserting that FM qualifies under an agreement between FM and DCC pursuant to the Kinsale insurance policy, in connection with claims asserted against FM and others in an underlying action. (Complaint ¶¶ 28-29). Plaintiff asserts that it has defended FM in the underlying action which caused Plaintiff to incur certain defense expenses. (Complaint ¶¶ 38-64).   Plaintiffs' claims asserted in the Complaint include seeking a declaratory judgment as to Kinsale's duty to defend and indemnify FM and reimbursement to Plaintiff for past defense costs (id. ¶ 51) and for breach of contract (id. ¶¶ 63-64).

19.    Plaintiff's declaratory judgment claim seeks non-monetary relief.  Plaintiff's claim for defense costs and breach of contract, although seeking monetary relief, does not demand a sum certain.

20.    Pursuant to 28 U.S.C. § 1446(c)(2), this Notice of Removal may assert the amount in controversy, and removal of the action shall be deemed proper if the amount in controversy stated herein is found by a preponderance of the evidence to exceed the amount specified in 28

U.S.C. § 1332(a) (i.e., $75,000, exclusive of interest and costs).  See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F. 3d 388, 395 (3d Cir. 2016).

21.    Although declaratory judgment actions do not directly involve an award of monetary damages, "it is well established" that the amount in controversy in such actions "is measured by the value of the object of the litigation." Auto-Owners, 835 F. 3d at 397-98 (citing Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)); see also 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016) ("With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend.").

22.    In other courts in this Circuit, both (1) the insurance policy limits at issue and (2) the value of the underlying litigation have been considered to be relevant in determining the "amount in controversy" in an insurance coverage declaratory judgment action where no sum certain has been demanded.  See, e.g., Liberty Ins. Co. v. Korn, 210 F. Supp. 3d 612, 617 (D. Del. 2016) (in declaratory judgment action involving insurer's duty to defend, "courts may consider the insurance policy limits in determining whether the underlying action might result in an award exceeding the jurisdictional amount.") (quotation and citation omitted); Jeffrey Press, Inc. v. Hartford Cas. Ins. Co., 326 F. Supp. 2d 626, 628-29 (E.D. Pa. 2004) (where complaint against insurer seeks declaration as to duty to defend, the amount in controversy requirement "can be satisfied by looking to the underlying suit"); Gisele Grocery & Deli v. Hanover Ins. Group, No. 10-cv-158, 2010 U.S. Dist. LEXIS 41033, at *3 (D.N.J. Apr. 27, 2010) (insured did not dispute that "the underlying value of the requested declaratory relief" – i.e., "the amount of coverage under the Policy" – exceeded $75,000).  Additionally, the allegations of severe injuries along with pain and suffering will alert the defendant that an amount in excess of the jurisdictional amount is at

issue.  Small v. Braxton, No. 22-cv-5313, 2022 U.S. Dist. LEXIS 234449, at *7 (D.N.J. Dec. 7, 2022) (citing Carroll v. United Air Lines, Inc., 7 F. Supp. 2d. 516, 521 (D.N.J. 1998)).

23.     As alleged in the Complaint, Plaintiff seeks a declaration of rights arising under insurance policies issued by Kinsale, which has a per-occurrence limit of $1,000,000.  Given that Plaintiff seeks additional insured status for FM under the policy, the "value of the right" sought by Plaintiff exceeds the $75,000 jurisdictional requirement.

24.     In addition, in the underlying lawsuit, the underlying plaintiff alleged that he sustained severe and permanent personal injuries, resulting in extreme pain and suffering. The underlying plaintiff further alleged that these injuries required medical attention and treatment, and rendered the plaintiff disabled and impaired, preventing him from engaging in normal activities.  A true and correct copy of the second amended complaint filed in the underlying lawsuit is annexed hereto as **Exhibit B**.  Furthermore, the underlying action recently settled with Gotham paying in excess of the jurisdictional requirement on behalf of FM and demanding reimbursement from Kinsale for its settlement payment and defense costs expended on behalf of FM in an amount exceeding the jurisdictional requirement.  Therefore, the underlying action has a value—for purposes of determining the amount-in-controversy—that is in excess of the jurisdictional requirement.

25.     Accordingly, the amount in controversy exceeds the amount required for diversity jurisdiction.  See 28 U.S.C. § 1332(a).

## NON-WAIVER OF DEFENSES

26.     By removing this action from Superior Court of New Jersey, Kinsale does not waive any defenses available to it.

27.    By removing this action from Superior Court of New Jersey, Kinsale does not admit any of the allegations in the Complaint.

**WHEREFORE**, Kinsale hereby removes this case from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court for the District of New Jersey.

**RIKER DANZIG LLP**

By:    *s/Robert P. Vacchiano*

Robert P. Vacchiano (rvacchiano@riker.com)
7 Giralda Farms, Suite 250
Madison, NJ 07940-1051
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
*Attorneys for Defendant*
*Kinsale Insurance Company*

Dated:   February 6, 2026

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Robert P. Vacchiano, Esq., of full age, hereby certifies in accordance with Local Civil Rule 11.2 that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except for the state court action being removed to this Court. I am further presently aware of the names of no other parties that should be joined in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  February 6, 2026                          *s/Robert P. Vacchiano*
                                                              Robert P. Vacchiano