# EXHIBIT A

**KAUFMAN DOLOWICH LLP**
David J. Gittines, Esq. – Bar #021422005
Court Plaza North
25 Main Street, Suite 500
Hackensack, NJ 07601
(201) 488-6655
*Attorneys for Plaintiff Gotham Insurance Company*

[Handwritten note: KIC No. 40168 personal service on 1/8/2026]

-----------------------------------------------------------x

GOTHAM INSURANCE COMPANY,

                Plaintiff,

-against-

KINSALE INSURANCE COMPANY,

                Defendant.

-----------------------------------------------------------x

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ESSEX COUNTY

Docket No:

Civil Action

**SUMMONS**

**The State of New Jersey, to the Above-Named Defendant(s):**

      The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within **35 days** from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

/s/ **Michelle M. Smith**
Michelle M. Smith
Acting Clerk of the Superior Court

**Dated: November 21, 2025**

Name of defendant to be served: Kinsale Insurance Company
Address for Service:   2035 Maywell Street, Suite 100
                       Richmond, VA 23230

2

**KAUFMAN DOLOWICH LLP**
David J. Gittines, Esq. – Bar #021422005
Court Plaza North
25 Main Street, Suite 500
Hackensack, NJ 07601
(201) 488-6655
*Attorneys for Plaintiff Gotham Insurance Company*

------------------------------------------------------------x

| | |
|---|---|
| GOTHAM INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>KINSALE INSURANCE COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No:<br><br>Civil Action<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

------------------------------------------------------------x

Plaintiff, GOTHAM INSURANCE COMPANY ("GOTHAM" or "Plaintiff"), by and through its attorneys KAUFMAN DOLOWICH, LLP, as and for its Complaint against Defendant, KINSALE INSURANCE COMPANY, INC. ("KINSALE" or "Defendant") allege, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This action seeks a determination concerning the respective rights and obligations of the parties under insurance policy issued by KINSALE to non-party Don Carlos Construction, LLC ("DCC"), including: a declaration that KINSALE has an obligation to defend, indemnify, and provide insurance coverage to non-parties, FM Construction Group LLC ("FM") in connection with the action entitled, *Luis Castro v. Atlantic Realty Development Co., et. al* (Superior Court, New Jersey, Essex County, Docket No. ESX-L-7861-21) (the "Underlying Action"); that the coverage available to FM for the Underlying Action through KINSALE is primary and non-contributory to

1

any coverage that may be available to FM from GOTHAM; and that judgment be entered against KINSALE for the amounts incurred by GOTHAM in connection with the defense and indemnity of FM in the Underlying Action.

## PARTIES

2. At all times relevant, GOTHAM was an insurance company that issued policies of insurance in the State of New Jersey.

3. At all times relevant, KINSALE was an Arkansas insurance company, with its principal place of business located in Jew Jersey, authorized to transact business in the State of New Jersey, including the issuance of insurance policies in the State of New Jersey.

## JURISDICTION AND VENUE

4. This action arises from a dispute involving the coverage available for the Underlying Action filed in Essex Superior Court, which gives this court jurisdiction, pursuant to *N.J.S.A.* 2A:16-52.

5. This action arises from a dispute involving the coverage available for the Underlying Action filed in Essex Superior Court, which make Essex County the proper Venue, pursuant to *R.* 4:3-2(a).

## ACCIDENT AND UNDERLYING LAWSUIT

6. Upon information and belief, DCC entered into a contract to perform certain construction work at the Premises for the project known as 1445 Parkway Avenue (the "Project").

7. Upon information and belief, DCC was hired by FM to perform certain work and/or provide certain services for FM at the Project pursuant to a written agreement between FM and DCC.

8. Upon information and belief, DCC entered into a master contract with FM, which

2

applies to all work performed by DCC for FM.

9. According to the allegations of the Underlying Action, on June 26, 2021 Luis Castro ("Castro") was at the Project as an employee of DCC when he fell and suffered injuries (the "Incident").

10. Upon information and belief, Castro was allegedly injured while performing work at the Project.

11. On or around October 20, 2021, Castro commenced the Underlying Action against FM, amongst others, seeking to recover monetary damages for the alleged bodily injuries he allegedly sustained in connection with the Incident.

12. GOTHAM assigned counsel to defend FM in the Underlying Action.

13. On or around May 12, 2023, a third-party action was filed naming DCC as a Third-Party Defendant (the "Third-Party Action").

14. According to the allegations and the record in the Underlying Action and the Third-Party Action, the Incident and the alleged resulting injuries were caused in whole or in part by the acts or omissions of DCC and/or persons acting on DCC's behalf in the performance of their work for FM on the Project.

## THE SUBCONTRACT AGREEMENT

15. Upon information and belief, on or around January 6, 2021 FM executed an agreement setting forth the terms of the work agreement between FM and DCC (the "Subcontract Agreement").

16. The Subcontract Agreement outlines the scope of the agreement for work and services to be performed by DCC for FM with respect to the Project.

17. The Subcontract Agreement sets forth the terms and conditions that apply for any

3

work to be performed by DCC for FM, including the Project.

18. Under the Subcontract Agreement, DCC agreed to procure commercial general liability insurance, including contractual liability coverage, to cover bodily injury or property damage caused by an accident.

19. Under the Subcontract Agreement, DCC agreed to procure commercial general liability insurance, including contractual liability coverage, to cover FM for bodily injury or property damage arising out of the work being performed or services being provided by DCC.

20. Under the Subcontract Agreement, DCC agreed to name FM as an additional insured for bodily injury or property damage arising out of the work being performed or services being provided by DCC.

21. Under the Subcontract Agreement, DCC agreed to procure such commercial general liability insurance to cover FM on a primary and non-contributory basis.

22. At the time of the Incident, the Subcontract Agreement was in full force and effect.

## INSURANCE POLICIES

23. GOTHAM issued a commercial general liability policy to FM, bearing policy no. GL202100014178 (the "GOTHAM Policy").

24. GOTHAM is providing coverage to FM pursuant to the GOTHAM Policy.

25. KINSALE issued a commercial general liability policy to its named insured, DCC, bearing policy no. 100097788-1, with effective dates of coverage from October 12, 2020 to October 12, 2021 (the "KINSALE Policy").

26. Upon information and belief, the KINSALE Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

27. Upon information and belief, the KINSALE Policy was in full force and effect on

4

the date of the alleged Incident.

28. Based on the requirements contained in the Subcontract Agreement and the terms and conditions of the KINSALE Policy, FM is included as additional insureds on the KINSALE Policy.

29. Based on the requirements contained in the Subcontract Agreement, FM qualifies as an additional insured under the KINSALE Policy on a primary and non-contributory basis.

30. Based on the requirements contained in the Subcontract Agreement, the obligations of KINSALE to FM are primary to the obligations of GOTHAM to FM.

31. The Subcontract Agreement was signed and executed prior to the Incident and Castro's alleged bodily injuries.

32. Castro's alleged bodily injuries occurred as a result of DCC's acts or omissions and/or the acts or omissions of those acting on DCC's behalf in the performance of its ongoing operations for FM on the Project.

33. Based on the foregoing, FM is entitled to coverage under the KINSALE Policy for the Incident and the Underlying Action.

## TENDERS TO KINSALE

34. On or around April 8, 2023 defense counsel appointed by GOTHAM for FM tendered to KINSALE, seeking additional insured insurance coverage from KINSALE for FM for the Incident and the Underlying Action.

35. On July 11, 2023, Kinsale denied the tender.

36. On or around November 8, 2023 defense counsel appointed by GOTHAM for FM re-tendered to KINSALE, seeking additional insured insurance coverage from KINSALE for FM for the Incident and the Underlying Action.

37. On March 27, 2025, defense counsel appointed by GOTHAM for FM tendered to KINSALE for s third time, seeking additional insured insurance coverage from KINSALE for FM for the Incident and the Underlying Action.

38. KINSALE has improperly failed to agree to defend and indemnify FM in connection with the Underlying Action under the KINSALE Policy.

39. GOTHAM has been forced to defend FM under the GOTHAM Policy and has incurred defense costs and expenses because of KINSALE's improper refusal to agree to defend and indemnify FM.

40. An actual controversy exists between GOTHAM and KINSALE with respect to KINSALE's refusal to accept its duty to defend and indemnify FM in connection with the Underlying Action.

41. GOTHAM has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraph "1" through "41" as if fully set forth herein.

43. The Incident and the Underlying Action fall within the coverage afforded by KINSALE under the KINSALE Policy.

44. FM is KINSALE's insured under the KINSALE Policy and is entitled to defense and indemnity from KINSALE in connection with the Incident and the Underlying Action.

45. FM is an additional insured under the KINSALE Policy and is entitled to defense and indemnity from KINSALE in connection with the Incident and the Underlying Action.

46. KINSALE must provide primary and non-contributory coverage to FM under the KINSALE Policy.

47. The tender was properly made against KINSALE for defense, indemnity, and additional insured coverage for FM under the KINSALE Policy in connection with the Incident and the Underlying Action.

48. KINSALE wrongfully refused to defend, indemnify, and provide additional insured insurance coverage to FM for the Incident and the Underlying Action.

49. As a result, a justiciable controversy exists between the parties for the rights of each other under the terms and conditions of the KINSALE Policy.

50. GOTHAM has no adequate remedy at law.

51. GOTHAM is entitled to a declaration pursuant to *N.J.S.A.* 2A:16-50, *et seq.* that KINSALE has a duty to defend and indemnify FM on a primary and noncontributory basis in connection with the Incident and the Underlying Action and must reimburse GOTHAM for past defense costs and any other amounts incurred or to be incurred for FM as additional insureds under the KINSALE Policy.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in Paragraph "1" through "51" as if fully set forth herein.

53. The Incident and the Underlying Action fall within the coverage afforded by KINSALE under the KINSALE Policy.

54. All terms and conditions of the KINSALE Policy have been complied with and met.

55. KINSALE is obligated to defend and indemnify FM on a primary and noncontributory basis in connection with the Incident and the Underlying Action.

56. KINSALE has breached its obligations by refusing to defend and indemnify FM in connection with the Underlying Action on a primary and noncontributory basis.

57. KINSALE has refused to defend or indemnify its additional insured, FM, on a primary and noncontributory basis in connection with the Incident and the Underlying Action.

58. GOTHAM has been forced to defend FM despite the fact that it is KINSALE's obligation to do so.

59. GOTHAM may be forced to indemnify FM despite the fact that it is KINSALE's obligation to do so.

60. As a result, a justiciable controversy exists between the parties concerning the rights of each other under the terms and conditions of the KINSALE Policy.

61. GOTHAM has no adequate remedy at law.

62. GOTHAM has suffered and will continue to suffer damages on account of KINSALE's refusal to fulfill its obligations to defend, indemnify, and provide additional insured insurance coverage to FM in connection with the Incident and the Underlying Action.

63. KINSALE is liable for any and all damages by virtue of its breach of its obligations to defend, indemnify, and provide additional insured insurance coverage to FM in connection with the Incident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

64. GOTHAM is entitled to a declaration pursuant to *N.J.S.A.* 2A:16-50, *et seq.* that KINSALE has a duty to defend and indemnify FM on a primary and noncontributory basis in connection with the Incident and the Underlying Action and must reimburse GOTHAM for past defense costs and expenses incurred for FM as additional insureds under the KINSALE Policy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgement as follows:

a. Declaring that FM is an insured, additional insureds or otherwise insured under the

8

KINSALE Policy;

b. Declaring that KINSALE has a duty to defend and to indemnify FM on a primary and non-contributory basis in connection with the Incident and the Underlying Action and to reimburse GOTHAM for any amounts GOTHAM expended or will expend in defending or indemnifying FM;

c. Declaring that the coverage available under the GOTHAM Policy for FM is excess to the coverage available under the KINSALE Policy;

d. Awarding GOTHAM all damages incurred by virtue of KINSALE's breach of its obligation to defend and indemnify FM in connection with the Incident and the Underlying Action; and

e. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to *Rule* 4:25-4, David J. Gittines, Esq. is designated as Trial Counsel.

## CERTIFICATIONS

I hereby certify upon reasonable belief that, pursuant to *Rule* 4:5-1: (1) the within matter in controversy is the subject of/related to *Luis Castro v. Atlantic Realty Development Co., et. al* (Superior Court, New Jersey, Essex County, Docket No. ESX-L-7861-21); (2) no other action or arbitration proceeding is contemplated; and, (3) no other party should be joined in the action because of potential liability to any party on the basis of the same transactional facts.

Pursuant to *R.* 1:38-7(c), I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *R.* 1:38-7(b).

9

                                            **Kaufman Dolowich LLP**
*Attorneys for Plaintiff*
*Gotham Insurance Company*

DATED: November 21, 2025        By:   /s/ David J. Gittines
                                              DAVID J. GITTINES

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-008947-25

**Case Caption:** GOTHAM INSURANCE COMPANY VS KINSALE INSURANCE C
**Case Initiation Date:** 11/21/2025
**Attorney Name:** DAVID J GITTINES
**Firm Name:** KAUFMAN DOLOWICH LLP
**Address:** 25 MAIN STREET, STE 500 COURT PLAZA NORTH
HACKENSACK NJ 07601
**Phone:** 2014886655
**Name of Party:** PLAINTIFF : Gotham Insurance Company
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** YES
**If yes, list docket numbers:** ESX L 7861 21
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Gotham Insurance Company?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** NO
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO  Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/21/2025
Dated

/s/ DAVID J GITTINES
Signed